# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DONALD and JODI GUTTERMAN, INDIVIDUALLY and as Parents and Next Friends of MADISON GUTTERMAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 15 C 5714 |
| v. | ) ) | Judge John Z. Lee |
| TARGET CORPORATION and BRAVO SPORTS, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Donald and Jodi Gutterman, individually and as parents and next friends of Madison Gutterman ("Minor Plaintiff"), have sued Defendants Target Corporation and Bravo Sports for ordinary negligence (Count I) and for premises liability in violation of the Premises Liability Act, 740 Ill. Comp. Stat. 130/1–5 (Count II). Target moves to dismiss Counts I and II of Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). For the reasons stated herein, the Court denies this motion [9].

### Factual Background

Plaintiffs allege that on or about May 26, 2013, Plaintiff Madison Gutterman, a minor, was injured as a result of riding a skateboard in the premises occupied by Target Corporation, located at 313 East Townline Road, in the Village of Vernon Hills and State of Illinois (the "store"). Compl. ¶¶ 1, 8. Minor Plaintiff was lawfully on the store's premises at the time. *Id.* ¶ 2.

Target controlled, occupied, and maintained the store, and Defendant Bravo Sports manufactured and distributed the skateboards that were displayed in the store. *Id.* ¶¶ 3–6, 23–24.

Minor Plaintiff reportedly sustained injuries for which Plaintiffs incurred costs for the medical support of Minor Plaintiff. *Id.* ¶¶ 8–10.

## Legal Standard

Rule 8(a) instructs that a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To prevail on a motion to dismiss under Rule 12(b)(6), the defendant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and construes all reasonable inferences in the non-moving party's favor. *Kubiak v. City of Chi.*, No. 14-3074, 2016 WL 106868, at *3 (7th Cir. Jan. 11, 2016).

## Analysis

### I. Premises Liability Is a Separate Cause of Action

Target claims that Plaintiffs, in bringing Counts I and II, raise duplicative claims that are not separate causes of action. Even if the Premises Liability Act itself does not create a cause of action, Illinois law recognizes a claim for premises liability that is separate from ordinary negligence. The Act establishes that the owner or occupier of property has a duty to entrants to exercise "reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them." 740 Ill. Comp. Stat. 130/2. Thus, at a minimum the Act codifies the duty required under a premises liability theory.

Courts have recognized the independence of these two claims and have highlighted the different elements required to prove each one. *See Hickey v. Target Corp.*, No. 12 CV 4180, 2014 WL 1308350, at *3 (N.D. Ill. Apr. 1, 2014); *Galbreath v. Wal-Mart Stores, Inc.*, No. 10-2065, 2011 WL 1560669, at *3–6 (C.D. Ill. Apr. 25, 2011); *Kotecki v. Walsh Constr. Co.*, 776 N.E.2d 774, 775 (Ill. App. Ct. 2002). These courts have not indicated that alleging these two

counts is duplicative and prohibited. In *Kotecki*, the court assessed the negligence and premises liability counts separately and fully. *Kotecki*, 776 N.E.2d at 777–81. In *Hickey*, the Court addressed the dual claims directly, acknowledging and accepting any interconnectedness. Given that "Hickey alleges that Target breached this duty under both ordinary negligence and premises liability theories[,] [e]ven though Hickey's response to Target's motion focuses on premises liability, because her complaint can be read to include an ordinary negligence theory, this court will also review Target's arguments with respect to that theory." *Hickey*, 2014 WL 1308350, at *3 (citations omitted). While acknowledging the similarities between the two claims, Illinois law does not support Target's contention that Plaintiffs' two similar claims warrant complete dismissal.

Moreover, the Illinois Pattern Jury Instructions undermine Target's argument, as they contain separate instructions for negligence and premises liability claims. Illinois Pattern Jury Instruction 10.00 relates to "Negligence and Ordinary Care," whereas Instructions 120.00–11 "deal[] only with the liability of the owner or occupier of land for conditions on his premises." Ill. Pattern Jury Instructions, Civil, No. 10.00; Ill. Pattern Jury Instructions, Civil, No. 120.00.

Target's reply suggests that binding Illinois law supports dismissing duplicative claims; however, this doctrine is specific to the malpractice context. *See Gritters v. Ocwen Loan Servicing, LLC*, No. 14 C 00916, 2014 WL 7451682, at *9–10 (N.D. Ill. Dec. 31, 2014); *Kurtz v. Toepper*, No. 11 C 4738, 2012 WL 33012, at *1 (N.D. Ill. Jan. 6, 2012). Because Target has failed to point to any authority prohibiting Plaintiffs from alleging the two claims together, Plaintiffs' alternative pleading is appropriate. The Court accordingly denies Target's motion to dismiss Counts I and II given that negligence and premises liability are two separate causes of action.

## II. Pleading Alternative Claims

Target also challenges Plaintiffs' Complaint on the basis that it contains two overlapping claims; however, the permissibility of alternative pleading is well-established. Per the Federal Rules of Civil Procedure, a party can plead alternative claims "either in a single count . . . or in separate ones." Fed. R. Civ. P. 8(d)(2); *see also* Fed. R. Civ. P. 8(a)(3); *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 615 (7th Cir. 2013). No specific language is required by the Federal Rules— "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1).

Plaintiffs' Complaint contains two counts against Target, one based on negligence and the other on premises liability. These two counts are sufficiently and properly plead as alternative claims for relief. Thus, the Court denies Defendant's motion to dismiss Counts I and II based on the sufficiency of Plaintiffs' alternative pleading.

## III. Dangerous Conditions under the Premises Liability Act

Finally, Target argues that a skateboard does not constitute a dangerous condition that could give rise to premises liability. Under Illinois law, liability attaches to the occupier of property "if such a person knows or should know that children frequent the premises and if the cause of the child's injury was a dangerous condition on the premises." *Qureshi v. Ahmed*, 916 N.E.2d 1153, 1156 (Ill. App. Ct. 2009). A dangerous condition is one that is "inherently dangerous" or one that a child would not recognize as dangerous and therefore avoid. *Page v. Blank*, 634 N.E.2d 1194, 1197 (Ill. App. Ct. 1994).

In particular, Target contends that a condition under the Act is a fixture on the property, not a moveable object such as a skateboard. The case law on this matter indicates no such restriction, however. In *Page*, arising under a premises liability negligence claim, the court considered whether a hammer and nails given to a twelve-year-old child constituted a dangerous condition. *Page*, 634 N.E.2d at 1196–97. While ultimately holding that they were not a

dangerous condition, this was because the objects were not "inherently dangerous" and the child was capable of recognizing risks that might arise from their use. *Id.* at 1197. The court's holding was not based on whether the hammer and nails were fixtures on the premises. *Id.*

Target does not claim that the skateboard does not constitute a dangerous condition; rather, Target argues that it is not a relevant condition of the premises at all. Target's Reply references *Wind* as supporting the proposition that installed floor mats did not constitute a "condition on the premises" which would give rise to negligence under premises liability. *Wind v. Hy-Vee Food Stores, Inc.*, 650 N.E.2d 258, 263 (Ill. App. Ct. 1995); Target's Reply to Pls.' Resp. to Mot. to Dismiss 3. *Wind*, however, concerns whether the jury received proper instruction. *Wind*, 650 N.E.2d at 259. The court held that the jury did not receive proper instruction because the plaintiffs alleged a negligence cause of action and the jury was instructed to consider the elements of an action arising under premises liability, instead. *Id.* at 261, 263–64. Furthermore, the court held that, because the plaintiff in *Wind* alleged that the floor mats were negligently installed and maintained, the complaint did not allege that the floor mats were a condition of the property. *Wind*, 650 N.E.2d at 263. In this case, Plaintiffs' Complaint specifically alleges the existence of a "dangerous condition." Compl. ¶ 17(e)–(f).

Indeed, Illinois courts have considered whether a variety of objects, fixed or moveable, are conditions that would give rise to premises liability. For example, courts have considered whether spilled laundry detergent, a ditch, a wooden pallet on the ground, a treadmill, and a swimming pool were dangerous conditions giving rise to liability. *Hickey*, 2014 WL 1308350, at *3–4; *Corcoran v. Village of Libertyville*, 383 N.E.2d 177 (Ill. 1978); *Kleiber v. Freeport Farm and Fleet, Inc.*, 942 N.E.2d 640 (Ill. App. Ct. 2010); *Qureshi*, 916 N.E.2d at 1156–60; *Duffy v. Togher*, 887 N.E.2d 535, 541–46 (Ill. App. Ct. 2008). Contrary to Target's argument, there is no

requirement that the allegedly dangerous condition must be a fixture of the property. Accepting all allegations in the Complaint as true and drawing any reasonable inferences in favor of the Plaintiffs, the Court denies Target's motion to dismiss because Plaintiffs have alleged a condition under a premises liability claim.

## **Conclusion**

For the reasons stated herein, Defendant's motion to dismiss [9] is denied.

**IT IS SO ORDERED.**                     ENTERED 2/2/16

_____
**John Z. Lee**
**United States District Judge**